

2011 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-13-2011

# Cheryl Anderson v. Radio One Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 10-4132

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2011

Recommended Citation

"Cheryl Anderson v. Radio One Inc" (2011). *2011 Decisions.* Paper 542.
http://digitalcommons.law.villanova.edu/thirdcircuit_2011/542

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2011 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 10-4132
_____

CHERYL ANDERSON,
                              Appellant

v.

RADIO ONE, INC.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-09-00194)
District Judge:  Hon. Mitchell S. Goldberg
_____

Submitted Under Third Circuit LAR 34.1(a)
September 12, 2011

Before:  SLOVITER, SCIRICA, and SMITH, *Circuit Judges*

(Filed: September 13, 2011)

_____

OPINION
_____

SLOVITER, *Circuit Judge*.

This is an appeal from the District Court's grant of summary judgment in favor of Radio One, Inc. on Cheryl Anderson's claims that Radio One terminated her employment in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* We will affirm.[1]

Because we write primarily for the parties, we need not discuss the facts or procedural history of this case.

With respect to the ADEA claim, Radio One did not dispute that Anderson established a prima facie case of age discrimination for purposes of the summary judgment motion and the District Court presumed that she had met this burden. *See Keller v. Orix Credit Alliance, Inc.*, 130 F.3d 1101, 1108 (3d Cir. 1997) (en banc) (setting forth elements of a prima facie claim). The burden thus shifted to Radio One to produce evidence of a legitimate, nondiscriminatory reason for the adverse action. *Id.* Once Radio One produced such evidence, the burden shifted back to Anderson to provide sufficient evidence to allow a factfinder to either reject the employer's nondiscriminatory explanation, or conclude that an invidious discriminatory reason was more likely than not

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review of the District Court's grant of summary judgment, and apply the same standard applicable in the District Court found in Fed. R. Civ. P. 56. *See Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 362 (3d Cir. 2008).

a motivating cause of her discharge (pretext). *Id.* (citing *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994)).

Radio One claims that it terminated Anderson because she failed to satisfy the demands of the Program Assistant position, including meeting deadlines and accurately completing assignments. We agree with the District Court's conclusion that Anderson did not then produce sufficient evidence of a pretext for age discrimination.[2] Indeed, Anderson has never meaningfully disputed the substance of Radio One's repeated concerns with her job performance. Because Anderson failed to meet her burden to show pretext, summary judgment is appropriate on her ADEA claim.

Summary judgment is likewise appropriate on Anderson's ADA claim. We agree with the District Court that Anderson "is not actually disabled" within the meaning of 42 U.S.C. § 12102(2), and "she was not 'regarded as' disabled" within the meaning of 42 U.S.C. § 12102(3) by her employer. *Anderson v. Radio One, Inc.*, No. 09-194, 2010 WL 3719088, at *9-10 (E.D. Pa. Sept. 20, 2010). Even if Anderson could establish that Radio One regarded her as disabled, as the District Court concluded, she did not meet her burden to demonstrate pretext for disability discrimination.

We have considered all of Anderson's arguments, but we find no basis for reversal. Accordingly, we will affirm the judgment of the District Court in favor of Radio One.

---

[2] Notably, prior to termination, Radio One offered Anderson a position as a receptionist, but she rejected the offer.

3